UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

BISMARK KWAKU TORKORNOO,

    Plaintiff,

    v.

NINA HELWIG, ESQ.,
JOHN MONAHAN, ESQ.,
MARY TORKORNOO, and,
JACQUELINE NGOLE, ESQ.,

    Defendants.

Civil Action No. TDC-15-2652

## MEMORANDUM ORDER

Presently pending before the Court are multiple motions filed by Plaintiff Bismark Kwaku Torkornoo ("Mr. Torkornoo"), a Motion to Dismiss filed by Defendant John Monahan, Esq. on November 5, 2015, and a Motion to Dismiss filed by Defendant Jacqueline Ngole, Esq. on November 6, 2015. The Motions are ready for disposition, and a hearing is not necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motions to Dismiss filed by Monahan and Ngole are GRANTED, and Mr. Torkornoo's motions are DENIED AS MOOT.

### BACKGROUND

On September 9, 2015, Mr. Torkornoo filed a Complaint against Defendants Mary Torkornoo ("Ms. Torkornoo"), his former wife; Jacqueline Ngole, Esq, an attorney who represented Ms. Torkornoo in divorce and child custody proceedings; Nina Helwig, Esq., the "best interest attorney" for the Torkornoos' children; and John Monahan, Esq., the trustee over the sale of the Torkornoos' former marital home (collectively, "Defendants"). Mr. Torkornoo filed an Amended Complaint on September 11, 2015 and a Second Amended Complaint on

October 13, 2015. His 65-page Second Amended Complaint contains three counts: interference with parental rights, fraudulent misrepresentation, and unjust enrichment. A review of the Second Amended Complaint reveals that Mr. Torkornoo's claims generally consist of allegations of error and misconduct relating to the proceedings in *Torkornoo v. Torkornoo*, No. 71419FL (Cir. Ct. Montgomery Cty. 2008) ("the Circuit Court case"), *available at* http://casesearch.courts.state.md.us/casesearch/, a state court family law case between him and Ms. Torkornoo.

This is not the first time Mr. Torkornoo has disputed those proceedings in this Court. In fact, he has done so three times before. In *Torkornoo v. Ngole* ("*Torkornoo I*"), No. PJM-15-0839 (D. Md. Mar. 31, 2015) (Messitte, J.), ECF No. 3, Mr. Torkornoo filed a Complaint on March 23, 2015 against Ms. Torkornoo, Ngole, Helwig, Monahan—the defendants in the present case—alleging abuse of process, conspiracy, negligence, and fraud on the court arising from rulings by the Circuit Court for Montgomery County ("Circuit Court"), including the award to Ms. Torkornoo of custody of their children and Monahan's alleged misrepresentation of the balance of a mortgage on the marital home. On March 31, 2015, the Court (Messitte, J.) dismissed the case, finding that the case was "essentially an attempt to appeal in this federal court various state court rulings in divorce and custody proceedings" and observing that "the claims plainly involve issues of family law litigated in state court which traditionally have been reserved to the state court systems so they can apply their expertise and professional support staff." *Id.* at 4–5.

In *Torkornoo v. Torkornoo* ("*Torkornoo II*"), No. PJM-15-0980, 2015 WL 1962271 (D. Md. Apr. 29, 2015) (Messitte, J.), *aff'd* 607 F. App'x 341 (4th Cir. 2015), Mr. Torkornoo filed a Complaint on April 6, 2015 against the same defendants, as well as Judge Cynthia Callahan and Master Clark Wisor, two judicial officers connected to the Circuit Court case. On April 29,

2

2015, the Court (Messitte, J.) dismissed the case, once again observing that the case "is essentially an attempt to appeal in this federal court various state court rulings in divorce and custody proceedings in the Circuit Court for Montgomery County." *Id.* at *3. In *Torkornoo v. Callahan* ("*Torkornoo III*"), No. PJM-15-2445 (D. Md. Sept. 16, 2015) (Messitte, J.), ECF No. 3, *aff'd* 627 F. App'x 183 (4th Cir. 2015), Mr. Torkornoo filed another case on August 18, 2015 against the same judicial officers, alleging "a catalogue of the reasons why the outcome" of the Circuit Court case was "flawed and unjust." *Id.* at 3. On September 16, 2015, the Court (Messitte, J.) dismissed that case because the officials had judicial immunity, which barred Mr. Torkornoo's claims. *Id.* at 6.

## DISCUSSION

In his Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Monahan asserts that Mr. Torkornoo raises substantially the same claims already decided by the Circuit Court and by the United States District Court in *Torkornoo I* and *Torkornoo II*. Similarly, in her Motion to Dismiss pursuant to Rules 12(b)(1) 12(b)(6), Ngole asserts that the Court lacks subject matter jurisdiction because Mr. Torkornoo raises the same claims decided by the Circuit Court. The Court agrees that it lacks jurisdiction and dismisses this case under the *Rooker-Feldman* doctrine.

### I. The *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine bars federal courts from reviewing state court judgments. *Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005). "[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994). If

applicable, the *Rooker-Feldman* doctrine prevents the Court from exercising subject matter jurisdiction. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). The *Rooker-Feldman* doctrine bars consideration of "not only issues raised and decided in the state courts, but also issues that are inextricably intertwined with the issues that were before the state court" when "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Washington*, 407 F.3d at 279 (internal citations and quotation marks omitted).

The *Rooker-Feldman* doctrine applies here. In his three prior federal court cases and in this fourth one, Mr. Torkornoo has asserted different legal theories, but his complaints have consistently amounted to requests for this Court to review and correct alleged flaws in the Circuit Court proceedings. Here, Mr. Torkornoo alleges financial harm resulting from the state court ruling, identifies numerous alleged errors by the state court, and asserts that Defendants engaged in misconduct that resulted in the state court rulings. To the extent he challenges the state court's decisions, his claims are plainly barred by the *Rooker-Feldman* doctrine. To the extent he alleges misconduct by Ms. Torkornoo or her attorneys, such allegations are similarly barred as "inextricably intertwined" with the Circuit Court rulings because they require this Court to conclude that the state court "wrongly decided the issues before it." *See Washington*, 407 F.3d at 279. Therefore, Mr. Torkornoo's claims against Defendants are dismissed for lack of subject matter jurisdiction. Because the Court lacks jurisdiction over this case, Mr. Torkornoo's pending motions are denied as moot.

## II. Sanctions

Monahan and Ngole have requested that the Court enter a fee award in their favor and require Mr. Torkornoo to obtain approval before filing additional cases. "A motion for sanctions

must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Monahan and Ngole's request that the Court impose these sanctions is embedded within their Motions to Dismiss, in conflict with Rule 11. Therefore, their request is denied. Nevertheless, the Court notes that Mr. Torkornoo has filed four cases arising out of the same set of facts that have been dismissed for lack of jurisdiction. These dismissals should indicate to Mr. Torkornoo that this Court simply is not the proper forum for those claims.

Although the Court will not require that Mr. Torkornoo seek preapproval before filing additional cases, the Court strongly recommends that Mr. Torkornoo review Federal Rule of Civil Procedure 11(b)–(c), which provides that the Court may impose monetary sanctions against a party for filing frivolous or baseless claims, prior to filing any additional cases with this Court.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Monahan's Motion to Dismiss, ECF No. 9, is GRANTED.

2. Ngole's Motion to Dismiss, ECF No. 12, is GRANTED.

3. Mr. Torkornoo's Motion to Strike Ms. Torkornoo's Answer, ECF No. 22, Amended Motion to Strike Ngole's Motion to Dismiss, ECF No. 24, Second Amended Motion to Strike Monahan's Motion to Dismiss, ECF No. 29, Motion for Summary Judgment, ECF No. 31, Third Amended Motion for Injunctive Relief, ECF No. 41, and Motion for Injunctive Relief, ECF No. 42, are DENIED AS MOOT.

4. Torkornoo's Second Amended Complaint is DISMISSED.

5. The Clerk is directed to close the case.

Date: May 6, 2016

THEODORE D. CHUANG
United States District Judge