UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

BISMARK KWAKU TORKORNOO,

    Plaintiff,

v.

NINA HELWIG, ESQ.,
JOHN MONAHAN, ESQ.,
MARY TORKORNOO, and,
JACQUELINE NGOLE, ESQ.,

    Defendants.

Civil Action No. TDC-15-2652

**MEMORANDUM ORDER**

On September 9, 2015, Plaintiff Bismark Kwaku Torkornoo ("Mr. Torkornoo") filed a Complaint based on diversity jurisdiction against Defendants Mary Torkornoo ("Ms. Torkornoo"), his former wife; Jacqueline Ngole, Esq., an attorney who represented Ms. Torkornoo in divorce and child custody proceedings; Nina Helwig, Esq., the "best interest attorney" for the Torkornoos' children; and John Monahan, Esq., the trustee for the sale of the Torkornoos' former marital home (collectively, "Defendants"). Mr. Torkornoo's 65-page Second Amended Complaint, filed on October 13, 2015, contains three counts: interference with parental rights, fraudulent misrepresentation, and unjust enrichment. A review of the Second Amended Complaint reveals that Mr. Torkornoo's claims generally consist of allegations of error and misconduct relating to the proceedings in a state court family law case in the Circuit Court for Montgomery County, Maryland ("the Circuit Court") between Mr. Torkornoo and Ms. Torkornoo. *Torkornoo v. Torkornoo*, No. 71419FL (Cir. Ct. Montgomery Cty. 2008) ("the Family Case"), *available at* http://casesearch.courts.state.md.us/casesearch/.

This is not the first case filed by Mr. Torkornoo alleging claims arising from the Family Case. On July 5, 2013, Mr. Torkornoo filed a state court action against the same Defendants in the Circuit Court. *See Torkornoo v. Torkornoo*, No. 378782V (Cir. Ct. Montgomery Cty. 2013) ("the State Case"), *available at* http://casesearch.courts.state.md.us/casesearch/. Mr. Torkornoo's Fourth Amended Complaint in the State Case, filed on November 15, 2013, alleged negligence, loss of property, misrepresentation of material facts, slander, abuse of process, fraud, emotional abuse, and physical harassment claims against some or all of Defendants arising out of actions taken during the Family Case or the subsequent sale of his marital home by the court-appointed trustee. *See* Fourth Am. Compl. at 10-15, State Case (Docket No. 68).[1] On November 27, 2013, Judge Cynthia Callahan of the Circuit Court granted seven different motions to dismiss and dismissed the case. Mr. Torkornoo appealed this decision, but the Court of Special Appeals of Maryland dismissed the appeal on June 9, 2014 after Mr. Torkornoo failed to meet the briefing schedule. Mr. Torkornoo filed a petition for a writ of certiorari with the Court of Appeals of Maryland, but that petition was denied.

Mr. Torkornoo has also contested issues arising from the Family Case in federal court. On March 23, 2015, Mr. Torkornoo filed a Complaint in this Court against Ms. Torkornoo, Ngole, Helwig, and Monahan—the same Defendants in the present case—alleging abuse of process, conspiracy, negligence, and fraud on the court arising from events in the Family Case, including the award to Ms. Torkornoo of custody of their children and Monahan's alleged misrepresentation of the balance of a mortgage on the marital home. *See Torkornoo v. Ngole* ("*Torkornoo I*"), No. PJM-15-0839, slip op. at 2 (D. Md. Mar. 31, 2015) (ECF No. 3). On

---

[1] The Court takes judicial notice of the filings and rulings in the State Case. *See* Fed. R. Evid. 201(b)(2); *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (stating that a court may take judicial notice of matters of public record).

2

March 31, 2015, the Court (Messitte, J.) dismissed the case without prejudice, finding that the Court lacked subject matter jurisdiction to decide what was, in effect, an appeal of a state court decision. *Id.* at 4-5. On April 6, 2015, Mr. Torkornoo filed another Complaint against the same Defendants, as well as Judge Callahan and Master Clark Wisor, two judicial officers connected to the Family Case, alleging constitutional violations, battery, accounting fraud, abuse of process, and emotional distress arising from the Family Case. *Torkornoo v. Torkornoo* ("*Torkornoo II*"), No. PJM-15-0980, 2015 WL 1962271 at *2 (D. Md. Apr. 29, 2015), *aff'd* 607 F. App'x 341 (4th Cir. 2015), On April 29, 2015, the Court (Messitte, J.) dismissed the case without prejudice, once again observing that the case "is essentially an attempt to appeal in this federal court various state court rulings in divorce and custody proceedings in the Circuit Court for Montgomery County." *Id.* at *3. On August 18, 2015, Mr. Torkornoo filed yet another case against the same judicial officers but not the named Defendants in this case, alleging what the Court described as "a catalogue of the reasons why the outcome" of the Family Case was "flawed and unjust." *Torkornoo v. Callahan* ("*Torkornoo III*"), No. PJM-15-2445, slip op. at 3, (D. Md. Sept. 16, 2015) (ECF No. 3), *aff'd* 627 F. App'x 183 (4th Cir. 2015). On September 16, 2015, the Court (Messitte, J.) dismissed that case with prejudice because the defendants had judicial immunity. *Id.* at 6.

On May 6, 2016, this Court determined that Mr. Torkornoo's Second Amended Complaint in the present case asserts claims that are "inextricably intertwined with the issues that were before the state court" and ordered the case dismissed pursuant to the *Rooker-Feldman* doctrine. Mem. Order at 4, ECF No. 43. Mr. Torkornoo appealed the decision to the United States Court of Appeals for the Fourth Circuit. On June 28, 2016, the Fourth Circuit decided *Thana v. Bd. of License Commissioners for Charles County, Maryland*, 827 F.3d 314 (4th Cir.

3

2016), which clarified the scope and application of the *Rooker-Feldman* doctrine. On December 8, 2016, the Fourth Circuit vacated this Court's dismissal of Mr. Torkornoo's Second Amended Complaint and remanded the case for reconsideration in light of *Thana*, noting that "tensions" between state and federal proceedings involving a similar cause of action "should be managed through the doctrines of preclusion, comity, and abstention." *Torkornoo v. Helwig*, 671 F. App'x 130, 131 (4th Cir. 2016) (quoting *Thana*, 827 F.3d at 320).

## DISCUSSION

Defendants now move to dismiss all of Mr. Torkornoo's claims, arguing that the *Rooker-Feldman* doctrine still applies and that Mr. Torkornoo's claims in this suit are otherwise barred by preclusion or estoppel. *Res judicata*, also known as claim preclusion, is a legal doctrine that promotes judicial efficiency and the finality of decisions. *In re Microsoft Corp Antitrust Litigation*, 335 F.3d 322, 325 (4th Cir. 2004). Under the doctrine of *res judicata*, a final judgment on the merits in an earlier decision precludes the parties from relitigating issues that were raised or could have been raised during that action. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). This doctrine applies when there is: (1) a final judgment on the merits in a prior lawsuit; (2) an identity of cause of action in both the earlier and later suits; and (3) an identity of parties or their privies in the two suits. *Id.* at 354-55.

A federal court must give preclusive effect to a Maryland court judgment if a Maryland court would do so if the second action had been brought before it. *See* 28 U.S.C. § 1738 (2012); *San Remo Hotel v. Cty. of San Francisco*, 545 U.S. 323, 336 (2005). Since Maryland courts utilize the same *res judicata* elements as federal courts, the analysis of Mr. Torkornoo's claim is the same as if his earlier claims had been brought in federal court. *See Anne Arundel Cty. Bd. of Ed. v. Norville*, 887 A.2d 1029, 1037-38 (Md. 2005).

4

With respect to the third prong, identity of parties, Defendants in the present case were all named as defendants in the State Case, *Torkornoo I*, and *Torkornoo II*. Of these cases, *Torkornoo I* and *Torkornoo II* were dismissed without prejudice and therefore do not satisfy the first prong, that the prior case be finally decided on the merits. *See, e.g., Mann v. Haigh*, 120 F.3d 34, 36 (4th Cir. 1997). The State Case, however, was dismissed after consideration of "the entire record" and after Judge Callahan granted seven Motions to Dismiss. These Motions collectively asserted grounds including a lack of a legal or factual basis for Mr. Torkornoo's claims and a failure to state a claim upon which relief can be granted. In particular, Monahan's Motion to Dismiss Plaintiff's Fourth Amended Bill of Complaint, which was granted, asserted failure to state a claim as its only basis for dismissal. Dismissal on this basis operates as a final judgment on the merits for *res judicata* purposes. *See Boland v. Boland*, 31 A.3d 529, 570 (Md. 2011) (noting that resolution of a case based on a failure to state a claim is on the merits); *see also* 46 Am. Jur. 2d *Judgments* §§ 542–43, Westlaw (database updated Oct. 2017) (noting that dismissals based on a failure to state a claim or lack of a factual foundation have preclusive effects). Moreover, Mr. Torkornoo appealed the Circuit Court's dismissal order to the Maryland Court of Special of Appeals and the Maryland Court of Appeals. Under Maryland law, a trial court's ruling is only appealable if it is a final judgment on the merits, absent narrow exceptions not applicable here. *See Monarch Acad. Balt. Campus, Inc. v. Balt. City Bd. of Sch. Comm'rs*, 153 A.3d 859, 870-71 (Md. Ct. Spec. App. 2017); *see also Deer Auto. Grp., LLC v. Brown*, 163 A.3d 176, 183-84 (Md. 2017) (stating that only a final judgment may be appealed); *Cook v. State*, 381 A.2d 671, 674 (Md. 1978) (noting that the standard of finality for *res judicata* purposes is similar to the standard of finality for purposes of appeal). Therefore, the State Case satisfies the first and third prongs of the *res judicata* analysis.

The second prong, whether the present case and the State Case arise out of the same cause of action, is also satisfied. Cases involve the same "cause of action" if they "arise out of the same transaction or series of transactions or the same core of operative facts." *Pueschel*, 369 F.3d at 355 (quoting *In re Varat Enters., Inc.*, 81 F.3d 1310, 1316 (4th Cir. 1996)). Even if a plaintiff is proceeding under a different legal theory, "[a]s long as the second suit arises out of the same transaction or series of transactions as the claim resolved by the prior judgment, the first suit will have preclusive effect." *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (internal citation omitted). Notably, *res judicata* bars not only claims actually litigated in the first case, but also claims that could have been litigated in that proceeding. *Pueschel*, 369 F.3d at 355-56.

Although not easily construed, Mr. Torkornoo's claims of interference with parental rights, fraudulent misrepresentation, and unjust enrichment are all based on Defendants' actions throughout the Family Case. For example, here, Mr. Torkornoo claims that Ms. Torkornoo, Ngole, and Helwig all conspired to use false testimony against him during a July 30, 2012 hearing in the Family Case. Similarly, the Fourth Amended Complaint in the State Case alleges that these same defendants "willfully misled the court" during the same July 30, 2012 hearing. Mr. Torkornoo's Second Amended Complaint does not cite any factual basis for his claims aside from the Family Case proceedings and the sale of his marital home, the same facts that form the basis of the State Case. None of Defendants' allegedly wrongful acts referenced in the Second Amended Complaint took place after November 15, 2013, the date the Fourth Amended Complaint in the State Case was filed. Accordingly, Mr. Torkornoo's claims in the present case arise out of the same core of operative facts as the State Case and are thus precluded by *res judicata*. The precluded claims include not only the misrepresentation claim actually litigated in

the State Case, but also the intentional interference with parental rights and unjust enrichment claims because they could have been brought in the State Case as well. *See Pueschel*, 369 F.3d at 355-56. The Court will therefore dismiss with prejudice Mr. Torkornoo's Second Amended Complaint.

Finally, the Court notes that Mr. Torkornoo has filed four federal actions and at least one state action arising out of the same set of facts, all of which have been dismissed. These dismissals should signal to Mr. Torkornoo that future attempts to litigate issues surrounding his divorce proceedings will not succeed. The Court reiterates its recommendation that Mr. Torkornoo review Federal Rule of Civil Procedure 11(b)-(c), which provides that the Court may impose monetary sanctions against a party for filing frivolous or baseless claims.

Accordingly, it is hereby ORDERED that:

1. Defendants' Motion to Dismiss, ECF No. 60, is GRANTED.

2. Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE.

3. The Clerk shall MAIL a copy of this order to Mr. Torkornoo.

4. The Clerk is directed to CLOSE this case.

Date: October 27, 2017

THEODORE D. CHUANG
United States District Judge